IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NUMBER: 8:23-cv-753

JESSICA BEAM,

    Plaintiff,

V.

IDEAL CABINETRY, LLC

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JESSICA BEAM ("BEAM"), hereby sues the Defendant, IDEAL CABINETRY, LLC ("IDEAL"), and states as follows:

## INTRODUCTION

1. This is an action against the Defendant, IDEAL, for damages pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

## PARTIES

2. Plaintiff, BEAM, is a female who resides in Lakeland, Florida. At all times material hereto, Beam was employed by Defendant IDEAL and was an employee as defined by the Title VII.

3. Defendant, IDEAL, is a Florida limited liability company with its principal place of business in Jupiter, Florida. IDEAL does business in Polk

County, Florida and is subject to the jurisdiction of this Court. Defendant is an employer within the meaning of 42 U.S.C. § 2000e-(b).

## JURISDICTION

4. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 2000e-5(f), and under 28 U.S.C. § 1331 and 1343(4).

5. On January 6, 2023, the United States Equal Employment Opportunity Commission ("EEOC") issued a Notice of Suit Rights (attached hereto as Exhibits "A"), based on Plaintiff's timely charge of discrimination based on sex (attached hereto as Exhibit "B"). The charge of discrimination was filed on December 5, 2022. This complaint was filed within 90 days of Plaintiff's receipt of the Notice of Suit Rights.

6. Plaintiff has completed all conditions precedent to this action. The attached Charge of Discrimination was filed with EEOC within 300 days of the commission of the unlawful employment practices alleged herein.

## VENUE

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and 42 U.S.C. § 2000e-5(f)(3), as the unlawful employment practices were committed in this district.

## FACTUAL ALLEGATIONS

8. Plaintiff began working for Defendant in or about December 2020.

9. In May 2022, Plaintiff discovered she was pregnant and immediately informed her supervisors.

10. In early July 2022, Plaintiff was transferred from her position to what was supposed to be a temporary role of special project lead quality control manager.

11. Following the transfer, Plaintiff was told that the entire department was expected to take lunch at 12:30 p.m.

12. Plaintiff reminded her supervisor that she was pregnant and that she needed to have a more flexible schedule to take lunch early because the pregnancy caused her to be extremely hungry. Plaintiff needed to be regulate her eating not just for herself, but for her unborn child as well.

13. Plaintiff's supervisor told her that she could leave early for lunch and to just let someone know before she was leaving.

14. Plaintiff was able to leave early for a brief period without any issue.

15. On or about July 26, 2022, Plaintiff was returning from lunch and was stopped by the Defendant's warehouse manager who questioned why Plaintiff was taking a lunch break outside her department's designated time period.

16. Plaintiff informed the warehouse manager that she was pregnant and had permission from her supervisor to take an early lunch.

17.     Despite the fact that Plaintiff was given permission by her supervisor to take an early lunch, Defendant's warehouse manager informed Plaintiff that she was being suspended through August 1, 2022.  The reason provided to Plaintiff was that she was being suspended for taking a lunch break outside her department's mandated time. However, that reason was pre-textual.

18.     On July 29, 2022, Defendant called Plaintiff and informed her that she was terminated.

19.     Plaintiff's pregnancy was the reason and/or motivating reason for the termination.

### COUNT I -VIOLATION OF TITLE VII PREGNANCY/SEX DISCRIMINATION

20.     Plaintiff realleges paragraphs 1 through 19 as if fully set forth herein.

21.     Defendant, discriminated against Plaintiff on the basis of her sex and pregnancy, in the terms and conditions of her employment and by discharging Plaintiff from her employment on July 29, 2022, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2. The employment practices complained of herein were unlawful and were done with malice and reckless indifference to Plaintiff's protected civil rights.

22.     The effect of these unlawful employment practices by Defendant has been to deprive Plaintiff of equal employment opportunities and other terms, conditions, and privileges of her employment.

23. As a direct result of the discriminatory conduct of Defendant, BEAM has suffered mental anguish, emotional harm, loss of gainful employment, loss of earnings and income, and loss of employment benefits.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment against the Defendant IDEAL and:

a. Direct the Defendant to make Plaintiff whole by providing her with appropriate lost earnings and employment benefits, with prejudgment interest, in amounts to be proven at trial, and otherwise affirmative relief necessary to eradicate the effect of its unlawful employment practices;

b. Direct the Defendant to make Plaintiff whole by providing compensation for pecuniary losses, including but not limited to costs of seeking new employment, in amounts to be proven at trial;

c. Direct the Defendant to make Plaintiff whole by providing her with compensation for non-pecuniary losses, including emotional pain, suffering, and mental anguish in amounts to be proven at trial;

d. Direct the Defendant to pay punitive damages for the Defendant's unlawful and intentional employment practices;

e. Direct the Defendant to pay the reasonable costs and attorney's fees under 42 U.S.C. § 2000e-5(k) in connection with this action.

f. Grant such further relief as the Court deems necessary and proper.

Plaintiff demands a jury trial on all issues so triable.

## DEMAND FOR JURY TRIAL

24.  Plaintiff demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated April 5, 2023.

/s/ Barbra A. Stern
Barbra A. Stern, Esquire
Fla. Bar No. 526576
Law Offices of Barbra Stern PA
808 E. Las Olas Blvd. Suite 102
Fort Lauderdale, FL 33301
Phone: (954) 743-4710
Direct Dial (954) 239-7249
barbra@sternlawoffice.com
**ATTORNEY(S) FOR PLAINTIFF**